IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| JAMES T. BUECHLER, *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | |
| v. | CIVIL NO.: WDQ-09-2948 |
| KEYCO, INC., d/b/a RECKLESS RIC'S, and JOHN DOES 1-10, | |
| Defendants. | |

MEMORANDUM OPINION

James T. Buechler filed a putative class action against Keyco, Inc. d/b/a Reckless Ric's ("Keyco") and ten John Doe defendants alleging a violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g). Pending are Keyco's motion to dismiss and Buechler's motion to strike Keyco's offer of judgment. For the following reasons, the motions will be denied.

1

I.   Background[1]

This putative class action arises under a provision of FACTA that "[n]o person that accepts credit cards or debit cards . . . shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."  15 U.S.C. § 1681c(g).  FACTA is an industry and congressional effort to combat identity theft by reducing the personal data printed on credit and debit card receipts.  *Id*.[2]

---

[1] For Keyco's motion to dismiss, the well-pled allegations in Buechler's Complaint are accepted as true.  *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[2] On March 6, 2003, Visa CEO Carl Pascarella held a joint press conference with Senators Gregg, Corzine, Leahy and Feinstein to announce Visa USA's "account truncation program," which was intended to protect consumers from identity theft by requiring merchants accepting Visa cards to limit cardholder information on receipts to the last four digits of the card account number. *Id*. ¶ 17.  Visa also required that card expiration dates be truncated.  *Id*. ¶ 19.  These policies became part of the Visa Merchant Rules, which are part of the contracts between Visa and the merchants accepting its cards.  *Id*. ¶ 20. The 2006 edition of the Rules for Visa Merchants, Card Acceptance and Chargeback Management Guidelines required that "only the last four digits of an account number . . . be printed on a customer's copy of the receipt."  Comp. ¶ 19.  In addition, "after July 1, 2006, the [credit or debit card's] expiration date should not appear [on the receipt] at all."  *Id*.  The Manual stated that the truncation requirements would become effective on July 1, 2006.  *Id*.

Visa's policy was the basis for the truncation requirements of FACTA, under which no person accepting credit or debit cards may print (1) more than last five digits of the card number or (2) the expiration date on a receipt.  *Id*. ¶ 20.  FACTA's

Keyco, a Maryland corporation, owns and operates Reckless Ric's, a restaurant and bar in Glen Burnie, Maryland. *Id*. ¶ 13. When FACTA's truncation requirement took effect on June 3, 2008, most of Keyco's competitors had updated their receipt-printing processes to comply with the law. *Id*. ¶ 50. But despite the well-publicized passage of FACTA and the growing concern in the credit and debit card industry about the protection of consumer privacy, Keyco had not updated its receipt-printing processes. *Id*. ¶ 18. On May 31, 2009, Buechler--who resides in Baltimore County, Maryland--was issued a receipt by Keyco that showed the expiration date of his credit card. *Id*. ¶ 46.

On November 5, 2009, Buechler filed this class action complaint. Paper No. 1. On February 5, 2010, Keyco moved to dismiss. Paper No. 9. On February 16, 2010, Buechler moved to strike Keyco's Rule 68 Offer of Judgment. Paper No. 11.

---

requirements were phased in over three years and were well-publicized. *Id*. ¶¶ 22-24. During the phase-in period, many restaurant and retail trade associations informed their members about the truncation requirements. *Id*. ¶ 23. In May 2007, the Federal Trade Commission ("FTC") issued a business alert entitled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts." *Id*. ¶ 24. The alert stated that "[a]ccording to [FACTA], the electronically printed credit and debit card receipts you give your customers must shorten--or truncate--the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date." *Id*.

II. Analysis

    A. Keyco's Motion to Dismiss

        1. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id*. at 1950 (*citing* Fed. R. Civ. P. 8(a)(2)). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id*. (internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

2. Statutory Damages under FACTA

As noted above, FACTA prohibits printing a credit or debit card's expiration date on a receipt provided at the point of sale or transaction. 15 U.S.C. § 1681c(g). The relief available for a violation of this section depends on whether the merchant's failure to comply with FACTA was negligent or

5

willful. If negligent, the liability is "any actual damages sustained by the consumer as a result of the failure." *Id*. § 1681o. If the failure is willful, a plaintiff is entitled to actual damages or "[statutory] damages of not less than $100 and not more than $1,000." *Id*. § 1681n. A prevailing party may also recover reasonable attorney's fees and costs. *Id*. §§ 1681o, 1681n.

Buechler does not allege actual damages; to recover, he must prove that Keyco's violation of FACTA was willful. Keyco contends that Buechler's complaint does not allege facts sufficient to show willfulness. In *Safeco Insurance Co. v. Burr*, 551 U.S. 47 (2007), the Supreme Court explained that willful violations under the Fair Credit Reporting Act("FCRA")--of which FACTA is a part--include "not only knowing violations of [the statute] but also reckless ones," *id*. at 57. The Court defined a reckless action as one involving "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. at 69. The Court explained that unlike criminal recklessness--which requires the offender's subjective knowledge--civil recklessness is "objectively assessed." *Id*. at 68-69 & n.18.

A reckless violation of FCRA is "not only a violation under a reasonable reading of the statute's terms, but [also one that]

6

shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69. The Court held that Safeco's violation of FCRA was not reckless because it was based on a reasonable reading of a "less-than-pellucid statutory text" for which there was no authoritative guidance from the courts of appeal or the FTC. *Id*. at 69-70.

Here, Buechler has sufficiently alleged willfulness. Unlike the provision of FCRA at issue in *Safeco*, the FACTA provision Keyco allegedly violated is unambiguous[3]: "[n]o person

---

[3] Keyco notes that Congress apparently believed that 15 U.S.C. § 1681c(g) was ambiguous because it enacted the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. § 1681n(d), which shielded from liability any person who had printed an expiration date on a receipt between December 4, 2004 and June 3, 2008. Reply at 10.

The Clarification Act did not alter the language of § 1681c(g). The Act's safe-harbor period was a response to the large number of lawsuits filed against merchants who had truncated customers' account numbers but not expiration dates. *See* Pub. L. No. 110-241, 122 Stat. 1565. Congress found proper truncation of the card number, regardless of the inclusion of the expiration date, prevents identity theft or credit card fraud, and the continued filing of lawsuits based on the failure to truncate the expiration date was a significant burden on hundreds of companies that had been sued and could raise prices to consumers without corresponding consumer protection benefit. *Id*. at 1565-66.

Section 1681c(g) is unambiguous. *See, e.g.*, *Ramirez v. Midwest Airlines, Inc.*, 537 F. Supp. 2d 1161, 1172 (D. Kan. 2008) ("[The statute] could not be more clear in requiring merchants to omit all but the last five digits of a card number as well as the expiration date."); *Troy v. Home Run Inn, Inc.*,

that accepts credit cards or debit cards for the transaction of business shall print . . . the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g). The FTC provided guidance in a May 2007 business alert that "[a]ccording to [FACTA], the electronically printed credit and debit card receipts you give your customers must shorten—or truncate—the account information. You may include no more than the last five digits of the card number, *and you must delete the card's expiration date*." Compl. ¶ 24 (emphasis in the Complaint). Congress's efforts to protect consumer privacy paralleled Visa, which imposed similar requirements on merchants who accepted its cards. Compl. ¶¶ 17-19. Most of Keyco's peers and competitors comply with FACTA. *Id*. ¶ 50.

But despite the well-publicized enactment of FACTA provision in 2003; FTC guidance; the 2007 Clarification Act (which required expiration date truncation); similar require-ments in the private sector; and FACTA compliance by its

---

2008 U.S. Dist. LEXIS 30038, at *7-8 (N.D. Ill. Apr. 14, 2008) ("[U]nlike the statutory provision at issue in *Safeco*, the text of section 1681c(g) is unambiguous."); *Arcilla v. Adidas Promotional Retail Operations, Inc*., 488 F. Supp. 2d 965, 970 (C.D. Cal. 2007) ("[Section] 1681c(g) . . . [has] only one reasonable meaning . . . a retailer must . . . omit the expiration date[.]"); *Follman v. Hospitality Plus of Carpenterville, Inc*., 532 F. Supp. 2d 960, 964 (N.D. Ill. 2007) ("The plain meaning of the statute is that no merchant may print . . . the expiration date of the card on the receipt.").

competitors, Keyco issued a noncompliant receipt to Buechler on May 31, 2009. Buechler's complaint plausibly alleges a willful violation of FACTA. Accordingly, Keyco's motion to dismiss must be denied.[4]

B. Buechler's Motion to Strike Offer of Judgment

On February 12, 2010 Keyco served an Offer of Judgment under Fed. R. Civ. P. 68 for $1,000 in damages (the maximum amount of statutory damages), $3,500 in attorneys' fees, and $500 in costs. Pl.'s Mot. to Strike, Ex. 1. The offer expired on February 22, 2010. *Id*. 1-2; Ex. 1. Buechler moved to strike the offer under Fed. R. Civ. P. 12(f) as an inappropriate attempt to "pick off" a named class representative.[5]

Under Rule 68,

> a party defending against a claim may serve on an opposing party an offer to allow judgment on specified

---

[4] Complaints similar to Buechler have withstood motions to dismiss. *See, e.g.*, *Kubas v. Standard Packing Corp.*, 594 F. Supp. 2d 1029, 1032 (N.D. Ill. 2009); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960, 963-64 (N.D. Ill. 2007).

[5] In its Opposition, Keyco argues that the Court should *sua sponte* dismiss the case as moot because it has offered Buechler the maximum amount of relief he could recover. "[U]nder traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim." *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004). Keyco's offer was not for the entirety of Buechler's claim because it capped attorneys' fees at $3500 and costs at $500. Section 1681n does not impose such caps; thus, Buechler could conceivably recover more than the offer. Accordingly, his claim is not moot.

> terms, with costs then accrued. If, within 14 days
> after being served, the opposing party . . . accept[s]
> the offer, either party may then file the offer and
> notice of acceptance, proof of service. The clerk
> must then enter judgment.

Fed. R. Civ. P. 68(a). A plaintiff's failure to accept an offer of judgment may have adverse consequences: "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Buechler argues that the Court should strike Keyco's offer because it is an attempt to frustrate the class action by forcing him to choose between accepting the offer, thus mooting the case, or risk incurring potentially considerable costs should he receive a judgment less favorable than the offer.

The question whether the rejection of a Rule 68 offer warrants imposition of costs is not ripe until a request for costs is made; thus, Buechler's motion to strike requests an advisory opinion. *See Bryant v. Bonded Accounts Servs.*, 2000 U.S. Dist. LEXIS 22309, at *12 (D. Minn. Aug. 2, 2000). Also, because Rule 68(b) states that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs," an unaccepted offer may not be filed with the Court until that proceeding. *See* Fed. R. Civ. P. 68(a)-(b). Because Keyco has not filed its offer with the Court, there is nothing

to "strike."  *See, e.g., McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003) ("[T]here is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a defeated party to prove costs.").[6]  *Tillman v. Calvary Portfolio Servs.*, LLC, 2009 U.S. Dist. 18467 (D. Ariz. Feb. 27, 2009).  Accordingly, the motion to strike must be denied.

III. Conclusion

For the reasons stated above, Keyco's motion to dismiss and Buechler's motion to strike will be denied.


April 22, 2010                        _____/s/_____
Date                                  William D. Quarles, Jr.
                                      United States District Judge

---

[6] *See also Rosales v. Randstad N. America, LP*, 2009 U.S. Dist. LEXIS 125405 (N.D. Ill. Nov. 6, 2009); *Tillman v. Calvary Portfolio Servs.*, LLC, 2009 U.S. Dist. 18467 (D. Ariz. Feb. 27, 2009).

11