### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### BALTIMORE DIVISION

| | | |
|---|---|---|
| **JAMES T. BUECHLER,** *individually and on behalf of all others similarly situated,* | \* | |
| | \* | |
| **Plaintiff,** | \* | |
| **v.** | \* | **Case No.:  1:09-cv-2948** |
| **KEYCO, INC., doing business as RECKLESS RIC'S** | \* | **(Quarles, J.)** |
| | \* | |
| **and** | \* | |
| **JOHN DOE 1 thru 10,** | \* | |
| | \* | |
| **Defendants.** | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### CLASS ACTION SETTLEMENT AGREEMENT AND PROPOSED PRELIMINARY APPROVAL ORDER (Exhibit A); CLASS NOTICE (Exhibit B); FINAL APPROVAL ORDER (Exhibit C); FINAL JUDGMENT (Exhibit D)

IT IS HEREBY STIPULATED AND AGREED by and between James T. Buechler (the "Class Representative"), on behalf of himself and all others similarly situated, on the one hand, and Keyco, Inc. ("Keyco"), on the other hand, as set forth below:

**I.    The Conditional Nature of This Stipulation.**

This Class Action Settlement Agreement and all associated exhibits or attachments (herein "Settlement Agreement") is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis. The Settlement Agreement is made in compromise of disputed claims. Because this action was pled as a class action,

1

this settlement must receive preliminary and final approval by the Court.  Accordingly, the Settling Parties enter into this Stipulation and associated settlement on a conditional basis.  In the event that the Court does not execute and file the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become Final for any reason, this Settlement Agreement shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever.

Keyco denies all of the claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class action allegations asserted in the Litigation.  Keyco has agreed to resolve this Litigation through this Settlement Agreement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, Keyco does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class action treatment on any grounds or assert any and all defenses or privileges.  The Class Representative and Class Counsel agree that Keyco retains and reserves these rights and agree not to take a position to the contrary; specifically the Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Keyco could not contest class certification on any grounds or assert any and all defenses or privileges if this Litigation were to proceed.

## II.   **The Parties to this Settlement Agreement.**

This Settlement Agreement (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) the Class Representative (on behalf of

himself and each of the Class Members), with the assistance and approval of Class

Counsel; and (ii) Keyco, with the assistance of its counsel of record in the Litigation.

The Settlement Agreement is intended by the Settling Parties to fully, finally and forever

resolve, discharge and settle the Released Claims upon and subject to the terms and

conditions hereof.

**III.**   **Defendant's Denial of Wrongdoing or Liability**.

Keyco and the Keyco Releasees deny all of the claims and contentions alleged by

the Class Representative in the Litigation.  Nonetheless, Keyco has concluded that further

conduct of the Litigation might be protracted and expensive, and that it is desirable that

the Litigation be fully and finally settled in the manner and upon the terms and conditions

set forth in this Settlement Agreement. Keyco has also taken into account the uncertainty

and risks inherent in any litigation, especially in multi-party cases like this Litigation.

Keyco has therefore determined that it is desirable and beneficial to it that the Litigation

be settled in the manner and upon the terms and conditions set forth in this Settlement

Agreement.

**IV.**   **Terms of the Settlement**.

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND

AGREED by and between the Class Representative (for himself and the Class Members)

and Keyco, with the assistance of their respective counsel or attorneys of record, that, as

among the Settling Parties, including all Class Members, the Litigation and the Released

Claims shall be finally and fully compromised, settled and released, and the Litigation

shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms

3

and conditions of the Settlement Agreement.

## 1. Definitions.

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1    "Class" means the collective group of those individuals defined as follows:

All customers of Reckless Ric's Bar & Grill (located at 1702 Furnace Drive in Glen Burnie, Maryland) from June 3, 2008, until September 8, 2009, who paid by a credit card or debit card and were provided an electronically printed receipt, which included the card expiration date.

Excluded from the Class are those individuals who have suffered actual damages due to identity theft caused as a result of a credit card receipt provided by the above location between June 3, 2008, and September 8, 2009.

1.2    "Class Counsel" means the Law Offices of E. David Hoskins, LLC and the law firm of Carlson Lynch.

1.3    "Class Member" or "Member of the Class" means a person who is a member of the Rule 23 Class, who does not properly opt-out of the Class, as discussed herein.

1.4    "Class Notice" means the "Summary Notice," "Full Notice" and "On-Site Notice" to be approved by the Court substantially in the form attached hereto as Exhibits B1, B2 and B3.

1.5    "Court" means the United States District Court for the District of Maryland.

1.6    " Keyco" means Keyco, Inc., doing business as Reckless Ric's Bar & Grill, 1720 Furnace Drive, Glen Burnie, Maryland 21060.

1.7    "Keyco Releasees" or "The Keyco Releasees" means Keyco, each of its affiliates (including, but not limited to, any other parents and/or subsidiaries), predecessors, successors, divisions, licensees, joint ventures and assigns, and each of those entities' past or present owners, directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives.

1.8    "Effective Date" means the date on which the Judgment becomes Final.

1.9    "Final" means:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment; or (iv) if no objection is filed, the date the judgment is entered by the District Court.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or costs shall not, by itself, in any way delay or preclude the Judgment from becoming Final.

1.10    "Judgment" means the judgment to be rendered by the District Court pursuant to this Settlement Agreement substantially in the form attached hereto as Exhibit D.

1.11    The "Litigation" or the "Lawsuit" means the lawsuit entitled James T. Buechler, individually and on behalf of all others similarly situated, v. Keyco, Inc., Defendant, United States District Court for the District of Maryland, Civil Action No. 09-

2948.

1.12   "Notice Publication Deadline" means the deadline for publication of the Summary Notice fifteen (15) business days after the Preliminary Approval Date.

1.13   "Notice Response Deadline" means the date forty-five (45) calendar days after the Class Notice is published to the Class Members.

1.14   "Order of Final Approval" or "Order Granting Final Approval of Settlement" means an order to be entered and filed by the Court entitled "Order Granting Final Approval of Settlement" substantially in the form attached hereto as Exhibit C.

1.15   "Participating Claimant" or "Participating Claimants" means each Member of the Settlement Class who properly and timely submits a Qualifying Settlement Claim Certification Form in response to the Class Notice.

1.16   "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

1.17   "Preliminary Approval Order" means an order to be executed and filed by the Court entitled "Order Granting Preliminary Approval" substantially in the form attached hereto as Exhibit A.

1.18   "Qualifying Settlement Claim Certification Form" means a Settlement Claim Certification Form that is completed, properly executed and timely returned to Class Counsel, postmarked within sixty (60) calendar days from the date of publication of Summary Class Notice.  Keyco shall have the right to verify that each claim submitted is valid in that it reflects a purchase within the Class Period by debit or credit card.  Class Counsel shall be apprised of any claim being challenged by Keyco, and the Parties,

6

through their counsel, shall confer, by telephone if possible, in an attempt to resolve any challenged claim.

1.19   "Released Claims" mean the claims of the Class: 1) for the statutory damages provided by 15 U.S.C. §1681n(a); 2) for the punitive damages provided by 15 U.S.C. §1681n(a)(2); and 3) for the costs of the action and attorneys fees provided by 15 U.S.C. §1681n(a)(3) as relates to credit card receipts provided by Keyco between June 3, 2008 and September 8, 2009. "Released Claims" does not include actual damages due to identity theft caused as a result of a credit card receipt provided by Keyco between June 3, 2008 and September 8, 2009. Consumers who have suffered such actual damages are excluded from the Class.

1.20   "Settlement Agreement" means this Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them and which is subject to Court approval. It is understood and agreed that Keyco's obligations for payment and distribution of the Settlement Payments under this Settlement Agreement are conditioned on, among other things, the occurrence of the Effective Date.

1.21   "Settlement Claim Certification Form" means the form attached to the "Class Notice," in the same or substantially the same manner as set forth in Exhibit B1 and B2.

1.22   "Settlement Fund" means the fund described in Part IV, Section 2.1 of this agreement.

1.23   "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place after the Notice Response Deadline for the purpose of (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering Judgment.

1.24   "Settlement Payment" means the payment described in Part IV, Section 2.1 of this agreement.

1.25   "Settling Parties" means Keyco and the Class Representative on behalf of himself and all Members of the Settlement Class.

2.   **The Settlement**.

2.1   *Consideration to Settlement Class Members*.

2.1.1   There were 18,212 transactions from June 3, 2008, until September 8, 2009, where the electronically printed receipt included the card expiration date.  Within (15) business days of the date on which a Preliminary Approval Order is entered, Keyco shall pay EIGHTEEN THOUSAND TWO HUNDRED AND TWELVE DOLLARS ($18,212.00) to establish a "Settlement Fund" for the benefit of Class Members.  This amount shall be paid into an interest bearing escrow account at NexTier Bank, consistent with instructions to be provided by Class Counsel and agreed by Keyco.  Interest on the account shall accrue on behalf of the Class for the period of time between the date of initial deposit and the Effective Date.  If the Effective Date does not occur, all principal and interest shall be returned to Keyco, consistent with instructions to be provided by counsel for Keyco.

8

2.1.2    Within (30) business days of the Effective Date, the above amount

shall be disseminated by Class Counsel (subject to the approval of Keyco) to

Participating Claimants on a *pro rata* basis; provided, however, that no Class Member

shall receive a settlement payment in excess of ONE HUNDRED DOLLARS ($100.00)

("Settlement Payment").  Class Members shall only be entitled to one Settlement

Payment, irrespective of the number of card receipts provided to a given Class Member.

The only Class Members entitled to any payment under this Settlement Agreement and

the associated Judgment are Participating Claimants.

2.1.3    The Settling Parties shall enter into a Consent Decree pursuant to

which Keyco will state that its current practices meet the truncation requirements of

FACTA and that it will continue to abide by the truncation requirements of FACTA, as

amended, or as it may be amended in the future.  The proposed Consent Decree shall be

submitted to the Court in advance of the Fairness Hearing.

2.1.4.    *Cy Pres*. Any money remaining in the Settlement Fund, if any, after

payments are made pursuant to Paragraph 2.1.2 shall be distributed by Class Counsel as a

*cy pres* contribution to The House of Ruth of Anne Arundel County.  Class Counsel shall

provide notification of the contribution to Keyco.

2.2    ***Court Approval of Notice to the Class; Settlement Hearing***.

2.2.1    The Class Representative and Keyco through their counsel of record

in the Litigation, shall file this Settlement Agreement with the Court and shall jointly

move for preliminary approval of this Settlement Agreement.  Through this submission

and a supporting motion, the Settling Parties, through their counsel of record, will request

9

that the Court enter the Preliminary Approval Order thereby scheduling the Settlement

Hearing for the purposes of determining the fairness, adequacy and reasonableness of the

settlement, granting final approval of the settlement, granting final approval of this

Settlement Agreement and entering Judgment.

2.2.2   If the Court enters the Preliminary Approval Order, then at the

resulting Settlement Hearing, the Class Representative and Keyco, through their counsel

of record, shall address any written objections from Class Members or any concerns from

Class Members who attend the hearing as well as any concerns of the Court, if any, and

shall and hereby do, unless provided otherwise in this Settlement Agreement, stipulate to

final approval of this Settlement Agreement and entry of the Judgment by the Court.

2.3   ***Notice to Class Members***.

2.3.1   If, by entering the Preliminary Approval Order, the Court provides

authorization to publish the Class Notice to Class Members, Keyco, through its counsel

of record, will cause the publication On-Site Notice, as is discussed further below, and

Class Counsel shall cause the publication of the Summary Notice and Internet Notice. A

copy of the proposed Class Notice is appended to this Agreement as Exhibits B1, B2 and

B3.

2.3.2.   Summary Notice shall be published once each in the Wednesday and

Saturday editions of the Maryland Gazette.  Summary Notice shall occupy approximately

3 columns by seven inches deep or such other space as will legibly communicate the

terms of the Summary Notice.  On Site Notice shall be displayed on the walls outside the

restrooms of Reckless Ric's Bar and Grill for a period of forty-five (45) calendar days,

10

commencing on the Notice Publication Deadline.  Internet Notice shall be displayed on

www.carlsonlynch.com for a period of forty-five (45) calendar days, commencing on the

Notice Publication Deadline.

      2.3.3.  <u>CAFA Notice</u>.  Keyco, through its counsel, shall send notice of the

proposed class action settlement on the appropriate Federal official and the appropriate

State official, if any, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §

1715, no later than ten (10) business days after the proposed settlement is filed with the

Court.

      2.3.4   Class Counsel shall be responsible for paying all costs of publishing

Summary Notice and for paying all costs of publishing Internet Notice.  Keyco shall be

responsible for paying all costs of publishing the On-Site Notice.

    2.4     ***Responses to the Notice Re: Pendency of Class Action; Motion for Final
Approval.***

      2.4.1   Class Members have the option to participate in this Lawsuit at their

own expense by obtaining their own attorney(s).  Class Members who choose this option

will be responsible for any attorney fees or costs incurred as a result of this election.  The

Class Notice will advise Class Members of this option.

      2.4.2   Class Members may elect to "opt out" of the Settlement and thus

exclude themselves from the Lawsuit and the Class.  Class Members who wish to

exercise this option must do so in writing by mail addressed to Class Counsel postmarked

on or before the Notice Response Deadline.  Otherwise, those Class Members will be

deemed to have forever waived their right to opt out of the Settlement Class.  Class

Members who do properly opt out shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were a party to this Litigation, and thus they shall not be entitled to any benefit as a result of this Litigation, including without limitation any tolling of any pertinent statute of limitations.

2.4.3   Class Counsel covenants and agrees that they will neither encourage Class members to opt out.

2.4.4   Class Members may also object to the Agreement by filing written objections with the Court no later than the Notice Response Deadline.  Class Counsel must also be served with copies of the objections, postmarked no later than the Notice Response Deadline.  The Class Notice shall advise Class Members of this option.  Any objections must be in writing and timely submitted or else they are waived.  No Class Member or any other person shall be heard or entitled to object at the Settlement Hearing to the approval of the terms and conditions of the Settlement, unless written objection is timely submitted, pursuant to this Agreement.  Class Counsel shall immediately provide any such objections to Keyco and subsequently the Court in the final approval process.

2.4.5   Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representative and Keyco shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment).  Also prior to the Settlement Hearing, the Class Counsel shall file a Motion for Fees and Costs, consistent with this Settlement Agreement.  The Class Representative and Class Counsel shall be responsible for justifying the agreed upon payments set forth in the Agreement. To the extent possible, the motion seeking entry of the Order of Final Approval shall be

noticed for the same day as the Settlement Hearing.  The Settling Parties shall take all reasonable efforts to secure entry of the Order of Final Approval.  If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Agreement shall be void *ab initio*, and Keyco shall have no obligations to make any payments under the Settlement Agreement.

   2.5   ***Timing of Distribution of Settlement Payments to Participating Claimants and Notice of Final Approval to Settlement Class Members.***

   2.5.1   Within thirty (30) business days of and only after the Effective Date, Class Counsel shall provide each Participating Claimant his or her Settlement Payment.

   2.5.2   Following the dissemination of Settlement Payments to Participating Claimants, Class Counsel shall provide Keyco, through its counsel, with a written confirmation of this fact.

   2.6   ***Releases.***

   2.6.1   Upon the Effective Date, the Class Representative and each of the Class Members (and only these persons) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged Keyco and the Keyco Releasees of all Released Claims.  The Release provided for in this paragraph will apply to all Settlement Class Members, except those who file a proper and timely request to "opt out" of the Settlement.

   2.6.2   Upon the Effective Date and for the consideration provided herein and by operation of the Final Order and Judgment, the Class Representative shall have, and each Settlement Class Member will be deemed to have, covenanted and agreed that

he, she or it shall not at any time institute, cause to be instituted, assist in instituting, or permit to be instituted on their behalf, any proceedings in any state or federal court, or any other proceeding before any state or federal agency, or any other legal proceedings that allege or assert any of the Released claims set forth in this Settlement Agreement.

      2.7    ***Payment of Costs and Attorney Fees to the Class Representatives***.

      2.7.1   Class Counsel shall be entitled, subject to Court approval and the occurrence of the Effective Date, to recover appropriate costs and attorney fees from Keyco pursuant to applicable law.  Subject to Court approval, Keyco will pay Class Counsel FIFTY EIGTHT THOUSAND ONE HUNDRED THIRTY EIGHT DOLLARS ($58,138.00) for attorney fees and expenses and costs of notice and administration.  This amount shall be paid into an interest bearing escrow account at NexTier Bank, consistent with instructions to be provided by Class Counsel, within (15) business days of the date on which a Preliminary Approval Order is entered, consistent with instructions to be provided by Class Counsel and agreed by Keyco.  Interest on the account shall accrue on behalf of the Class for the period of time between the date of initial deposit and the Effective Date.  If the Effective Date does not occur, all principal and interest shall be returned to Keyco, consistent with instructions to be provided by counsel for Keyco. Payments made pursuant to this Paragraph shall constitute full satisfaction of any claim for fees and/or costs, and the Class Representative and Class Counsel, on behalf of themselves and all Class Members, agree that they shall not seek nor be entitled to any additional attorney fees or costs under any theory.  The Class Representative and Class Counsel agree that they shall be responsible for justifying the amount of this cost and fee

payment to the Court, and they agree to submit the necessary materials to justify this payment along with the Settling Parties' joint motion for final approval of the Settlement Agreement. Keyco agrees to support Class Counsels' submission regarding, or request for approval of, this payment of fees or costs provided it is consistent with this Settlement Agreement. Class Counsel shall provide counsel for Keyco with the pertinent taxpayer identification number and a Form W-9 for reporting purposes. Other than any reporting of this fee payment as required by this Settlement Agreement or law, which Keyco shall make, Class Counsel and the Class Representative shall alone be responsible for the reporting and payment of any federal, state and/or local income or other form of tax on any payment made pursuant to this Paragraph.

 2.7.2   Keyco agrees to pay James T. Buechler, in his personal capacity only and via his counsel of record, THREE THOUSAND SIX HUNDRED AND FIFTY DOLLARS ($3,650.00) in consideration for Mr. Buechler's efforts as the Class Representative in the Litigation. This amount shall be paid into an interest bearing escrow account at NexTier Bank, consistent with instructions to be provided by Class Counsel, within (15) business days of the date on which a Preliminary Approval Order is entered, or a revised preliminary approval order that is acceptable to the Parties. Interest on the account shall accrue for the period of time between the date of initial deposit and the Effective Date. If the Effective Date does not occur, all principal and interest shall be returned to Keyco, consistent with instructions to be provided by counsel for Defendant. NexTier Bank shall not disburse the principal and interest until the Court has entered its order giving final approval of the settlement, at which point all principal and interest shall

be paid to James T. Buechler.

2.8   ***Claims Administration***.

Class Counsel shall administer the Settlement.  Keyco or any of Keyco Releasees shall have no responsibility or liability for any amounts, costs or fees, including attorneys' fees, related to or arising out of the administration of the Settlement.

2.9   ***Termination of Settlement.***

In the event that the settlement set forth in this Stipulation shall not be approved in its entirety or substantially as is by the Court, or in the event that the Effective Date does not occur, all funds in the escrow account shall be returned to Keyco, no payments shall be made or distributed to anyone in accordance with the terms of this Settlement Agreement, the funds with all accrued interest shall be returned to Keyco within five (5) business days, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Settlement Agreement shall be deemed null and void *ab initio* with no effect on the Litigation whatsoever.

2.10   ***Miscellaneous Provisions***.

2.10.1   This Settlement Agreement and the associated Judgment do not and will not create any unpaid residue or unpaid residual, and no distribution of such shall be required, other than as expressly indicated in this Agreement.

2.10.2   In the event that the Settlement Agreement is not substantially approved by the Court or the settlement set forth in the Settlement Agreement is terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if the Judgment does not become Final, or to the extent termination,

cancellation or voiding of the Settlement Agreement is otherwise provided, the Settling Parties shall resume the Litigation at that time as if no Settlement Agreement had been entered. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

      2.10.3        The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement.

      2.10.4        The Settlement Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or defense. The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

      2.10.5        Neither the Settlement Agreement, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Keyco Releasees, or any of

them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Keyco Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

2.10.6     All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

2.10.7     The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

2.10.8     The Settlement Agreement constitutes the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own attorneys' fees and costs.

2.10.9     Class Counsel, on behalf of the Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Agreement to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Class which they deem appropriate.

2.10.10    Each counsel or other Person executing the Settlement Agreement or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

2.10.11    The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

2.10.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Settlement Agreement is not designed to and does not create any type of third party beneficiaries.

2.10.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

2.10.14    The Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Maryland, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of Maryland without giving effect to Maryland's choice of law principles.

2.10.15    The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party.  No party shall be deemed the drafter of this Settlement Agreement. The parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the parties and their counsel.  Each party and their counsel cooperated in the drafting and preparation of the Settlement Agreement.  In

19

any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party.  Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

2.10.16     The Class Representative and Class Counsel represent and warrant that they shall express unequivocal public and private support for the Settlement and this Agreement, and shall not disparage or criticize Keyco or the Keyco Releasees. Keyco, the Keyco Releasees and their respective counsel represent and warrant that they shall express unequivocal public and private support for the Settlement and this Agreement, and shall not disparage or criticize the Class Representative.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto have caused the Settlement Agreement to be executed.

DATED: _____, 2010     By: _____
JAMES T. BUECHLER
Plaintiff and Class Representative


DATED: _____, 2010     By: _____
Defendant


DATED: _____, 2010     By: _____
BRUCE CARLSON
Attorney for Plaintiff and Class


DATED: _____, 2010     By: _____
E. DAVID HOSKINS
Attorney for Plaintiff and Class


DATED: _____, 2010     By: _____
Attorney for Defendant

DATED: _November 5th_, 2010        By: _____
JAMES T. BUECHLER
Plaintiff and Class Representative


DATED: _____, 2010        By: _____
Defendant


DATED: _____, 2010        By: _____
BRUCE CARLSON
Attorney for Plaintiff and Class


DATED: _____, 2010        By: _____
E. DAVID HOSKINS
Attorney for Plaintiff and Class


DATED: _____, 2010        By: _____
Attorney for Defendant

21

DATED: _____, 2010     By: _____
JAMES T. BUECHLER
Plaintiff and Class Representative


DATED: November 6, 2010     By: Keyco, Inc
Defendant                             General Manager


DATED: _____, 2010     By: _____
BRUCE CARLSON
Attorney for Plaintiff and Class


DATED: _____, 2010     By: _____
E. DAVID HOSKINS
Attorney for Plaintiff and Class


DATED: _____, 2010     By: _____
Attorney for Defendant

DATED: _____, 2010      By: _____
JAMES T. BUECHLER
Plaintiff and Class Representative


DATED: _____, 2010      By: _____
Defendant


DATED: __11 3_____, 2010      By: _____
BRUCE CARLSON
Attorney for Plaintiff and Class


DATED: __11 3_____, 2010      By: _____
E. DAVID HOSKINS
Attorney for Plaintiff and Class


DATED: _____, 2010      By: _____
Attorney for Defendant

DATED: _____, 2010     By: _____
JAMES T. BUECHLER
Plaintiff and Class Representative


DATED: _____, 2010     By: _____
Defendant


DATED: _____, 2010     By: _____
BRUCE CARLSON
Attorney for Plaintiff and Class


DATED: _____, 2010     By: _____
E. DAVID HOSKINS
Attorney for Plaintiff and Class


DATED: 11|5|0 _____, 2010     By: _____
Attorney for Defendant


21