```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JAMES BUECHLER,                   *
Individually and on behalf
of all similarly situated,        *

     Plaintiff,                   *

        v.                        *      CIVIL NO.:  WDQ-09-2948

KEYCO, INC.,                      *
d/b/a RECKLESS RIC's
and JOHN DOES 1 thru 10,          *

     Defendants.                  *

 *    *    *    *    *    *    *    *    *    *    *    *    *
```

ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING DISSEMINATION OF NOTICE, AND SCHEDULING A FINAL SETTLEMENT HEARING

The Court has considered the Class Action Settlement Agreement and its exhibits, the joint motion of the Settling Parties for an order preliminarily approving a class action settlement, directing the dissemination of notice, and setting a final settlement hearing, and other papers filed in this action.

The Court finds:

1. All defined terms herein have the meanings stated in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

2. The Class Representative and the Keyco Releasees, through counsel, have reached an agreement to settle all claims in the Litigation;

3.   The Court's preliminary conclusions are for the sole purpose of approving this settlement and will have no other effect on the Litigation.  These preliminary conclusions will have no effect if the proposed Settlement Agreement is not approved or the Effective Date does not occur.  The preliminary conclusions are:

   a. The proposed Rule 23 Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure;

   b. The proposed Class is ascertainable and so numerous that joinder of all members is impracticable;

   c. There are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation;

   d. The claims of Class Representative James Buechler are typical of the claims of the members of the proposed Class;

   e. Class Representative James Buechler will fairly and adequately protect the interests of the Members of the Class;

   f. A class action is superior to other available methods for an efficient adjudication of this controversy;

   g. The counsel of record for the Class Representative are qualified to serve for the Class Representative in their own capacities as well as their representative capacities for the Class; and

   h. Common issues will likely predominate over individual issues;

4.   The moving parties have also presented to the Court for review a Settlement Agreement that is within the range of

reasonableness and meets the requirement for preliminary approval; and

5.   The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option for Class Members to opt-out of the class action; the option to be represented by counsel of their choosing and to object to the proposed settlement; and/or the option to become a Participating Claimant.  The notice will be published consistent with the Settlement Agreement.  The notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

   Good cause appearing therefore, IT IS HEREBY ORDERED that:

1.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is preliminarily approved;

2.   Notice of the proposed settlement and the rights of Class Members to opt in and/or out of the settlement and/or to become a Participating Claimant shall be given by issuance of publication of notice consistent with the terms of the Settlement Agreement within 15 business days from the entry of this Order;

3.   A hearing shall be held before this Court on April 22, 2011 at 9:30 a.m. in Courtroom 3A, 101 W. Lombard Street, Baltimore,

Maryland 21201, to consider whether the settlement should be given final approval by the Court;

      a. Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

      b. At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

      c. Class Counsel and counsel for Keyco should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether the settlement should be approved; and

4.   If the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims.  If the Effective Date does not occur for any reason, the Settlement Agreement shall be deemed null and void and shall have no effect.

December 2, 2010                                         _____/s/_____
Date                                                         William D. Quarles, Jr.
                                                            United States District Judge